## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Mar 30 2015, 9:11 am
CLERK
of the supreme court, court of appeals and tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Jeffrey D. Stonebraker | Gregory F. Zoeller |
| Clark County Chief Public Defender | Attorney General of Indiana |
| Jeffersonville, Indiana | |
| | Jesse R. Drum |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Antonio D. Walker, *Appellant-Defendant,* | March 30, 2015 |
| | Court of Appeals Case No. 10A01-1407-CR-295 |
| v. | Appeal from the Clark Circuit Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Vicki L. Carmichael, Judge |
| | Cause No. 10C04-1211-MR-1 |

**Bradford, Judge.**

# Case Summary

[1] On November 13, 2012, Appellant-Defendant Antonio D. Walker shot Paris Hamilton five times in the torso. Hamilton died as a result of the gunshot

wounds inflicted by Walker. Appellee-Plaintiff the State of Indiana (the "State") subsequently charged Walker with murder. Walker was found guilty of the murder of Hamilton following a jury trial. On appeal, Walker contends that the trial court abused its discretion in admitting certain evidence at trial. We affirm.

# Facts and Procedural History

[2] Walker went to Ashley Riley's apartment in Jeffersonville to pick up his friend Amel Scott at approximately 8:00 a.m. on November 13, 2012. Scott was arguing with Hamilton, who had come to the apartment to pick up Michelle Ragland. After Hamilton removed his jacket and watch, Walker said, "I don't fight with my hands, I fight with this." Tr. p. 235. Walker then pulled a handgun from his jacket and pointed the handgun at Hamilton. Walker lowered the handgun and began to put it away before pulling it out again and pointing it at Hamilton for a second time.

[3] Moments later, while Walker and Scott were standing in the doorway to Riley's apartment, Walker turned, pointed the handgun at Hamilton, and shot Hamilton five times in the torso. Hamilton died as a result of the gunshot wounds inflicted upon him by Walker.

[4] After Walker shot Hamilton, Walker and Scott fled the apartment. Walker and Scott then ran in two different directions. Jeffersonville Police Department Officer Mark Doherty subsequently located Walker, walking quickly,

approximately one-half mile away from Riley's apartment. Officer Doherty apprehended Walker and transported him to the Jeffersonville Police Station.

While at the Jeffersonville Police Station, Detective Isaac Parker informed Walker of his *Miranda*[1] rights. Walker agreed to waive his *Miranda* rights and talk to Detective Parker. Walker initially denied ever owning or possessing a handgun. Walker, however, eventually confessed to possessing a handgun, pulling the handgun from his jacket pocket, and shooting Hamilton five times.

On November 15, 2012, the State charged Walker with murder. Walker was tried before a jury in a trial that commenced on April 14, 2014. On April 16, 2014, the jury found Walker guilty. The trial court subsequently sentenced Walker to a term of fifty-five years, with fifty years executed and five years suspended to probation. This appeal follows.

# Discussion and Decision

In challenging his conviction on appeal, Walker contends that the trial court abused its discretion in admitting certain evidence at trial. The admission or exclusion of evidence is entrusted to the discretion of the trial court. *Collins v. State*, 966 N.E.2d 96, 104 (Ind. Ct. App. 2012) (citing *Farris v. State*, 818 N.E.2d 63, 67 (Ind. Ct. App. 2004).

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

> We will reverse a trial court's decision only for an abuse of discretion. [*Farris*, 818 N.E.2d at 67]. We will consider the conflicting evidence most favorable to the trial court's ruling and any uncontested evidence favorable to the defendant. *Taylor v. State*, 891 N.E.2d 155, 158 (Ind. Ct. App. 2008). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or it misinterprets the law. *Id.* In determining whether an error in the introduction of evidence affected an appellant's substantial rights, we assess the probable impact of the evidence on the jury. *Oldham v. State*, 779 N.E.2d 1162, 1170 (Ind. Ct. App. 2002). Admission of evidence is harmless and is not grounds for reversal where the evidence is merely cumulative of other evidence admitted. *Pavey v. State*, 764 N.E.2d 692, 703 (Ind. Ct. App. 2002).

*Id.*

[8] Walker claims that the trial court abused its discretion in admitting evidence that Walker had possessed a handgun prior to shooting Hamilton. Specifically, Walker argues that the challenged evidence was not relevant as it was either (1) not closely related enough to the events in question or (2) overly prejudicial. For its part, the State claims that the trial court did not abuse its discretion in admitting the challenged evidence because the evidence was relevant to prove that Walker had access to the type of weapon used in the murder of Hamilton. The State also claims that because the mere possession of a weapon does not amount to misconduct, admission of evidence that Walker had previously possessed a handgun did not unfairly prejudice Walker. We agree.

[9] > Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Ind. Evidence Rule 401. "Generally speaking, relevant evidence is admissible, and irrelevant evidence is inadmissible." *Sandifur v. State*,

815 N.E.2d 1042, 1048 (Ind. Ct. App. 2004), *trans. denied*; Ind. Evidence Rule 402. Relevant evidence may nevertheless be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Ind. Evidence Rule 403. These basic tenets of evidence are utilized in addressing the specific issue of when evidence of other bad acts is admissible.

Indiana Evidence Rule 404(b) provides in pertinent part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]

In determining the admissibility of evidence under Rule 404(b), the trial court must: (1) determine whether the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act; and (2) balance the probative value of the evidence against its prejudicial effect pursuant to Indiana Evidence Rule 403. *Ware v. State*, 816 N.E.2d 1167, 1175 (Ind. Ct. App. 2004). We employ the same test to determine whether the trial court abused its discretion. *Id*.

*Southern v. State*, 878 N.E.2d 315, 321 (Ind. Ct. App. 2007).

[10] Evidence that Walker had access to and had previously possessed a handgun that was either the same as or similar to the handgun that he used to shoot Hamilton was relevant to the question of whether Walker had access to the murder weapon. "Evidence that a defendant had access to a weapon of the type used in a crime is relevant to a matter at issue other than the defendant's propensity to commit the charged act." *Pickens v. State*, 764 N.E.2d 295, 299 (Ind. Ct. App. 2002) (citing *Thompson v. State*, 728 N.E.2d 155, 160 (Ind. 2000)). Further, although some proffered evidence may be irrelevant because it is too

remote, evidence of an event occurring in the past can be critical. *Id.* In this vein, the Indiana Supreme Court has explained:

> Some proffered evidence may be irrelevant because it is too remote. For example, the fact that an adult defendant threatened the victim when both were children does not tell us much about their relationship today. On the other hand, an event occurring in the past can be critical. If the defendant stole the murder weapon twenty years ago and its presence is unaccounted for in the interim, the relevance of the gun theft to show access to the weapon is not obviated by the passing of time or by the dissimilarity between theft and murder. In short, admissibility hinges on relevance, not a litmus test based on an isolated factor—remoteness, similarity, or anything else—that may bear on relevance.

*Hicks v. State*, 690 N.E.2d 215, 220 (Ind. 1997).

[11] Walker challenges the admission of the testimony of two witnesses. One of these witnesses testified that she had seen Walker in possession of a handgun a month or two before the date in question. The other testified that she had seen Walker in possession of a handgun just prior to the shooting on the morning in question. With respect to the first witness, we do not believe that possession of a handgun by a defendant a month or two before that same defendant uses a handgun to commit murder is too remote to be relevant to a question as to whether the defendant had access to a handgun. With respect to the testimony of the witness who testified that she had seen Walker in possession of a handgun on the morning in question, such evidence is clearly not too remote as it goes to prove that Walker had access to a handgun on the date that he shot Hamilton.

[12] The probative value of this evidence also outweighs any potential prejudice. Walker does not assert that he suffered any specific prejudice, but rather raises the generalized concern that possession of a handgun may be viewed unfavorably. As the State argued at trial, possession of a handgun is legal if certain requirements are met. We do not believe that evidence of mere possession is overly prejudicial when balanced against the relevance of the evidence that Walker had access to the type of weapon used in the murder. *See generally, Thompson*, 728 N.E.2d at 160 (providing that "[Defendant] points to no danger of unfair prejudice, other than a generalized concern that selling a weapon may be viewed unfavorably. This possibility is clearly outweighed by the probative value of testimony that [the Defendant] had access to a weapon of the type used in the murder.").

[13] Further, in the instant case, the additional consideration that the evidence was offered to impeach Walker and cast doubt on his credibility leads us to the conclusion that such evidence was not overly prejudicial. Again, Walker initially told Detective Parker that, prior to the morning in question, he had never possessed a handgun. Although Walker eventually admitted that he had previously possessed a handgun, the challenged evidence was relevant to impeach Walker's credibility. Walker's credibility was at issue because although he admitted that he shot Hamilton five times in the torso, he claimed that he was justified in doing so. We do not believe that the fact that Walker subsequently impeached his own credibility by providing inconsistent and false statements to Detective Parker limits the State's ability to also impeach

Walker's credibility by providing evidence which would tend to prove that Walker's prior statements were false.

[14] Additionally, we further conclude that to the extent that one could possibly conclude that it was error to admit the challenged evidence, we agree with the State that any potential error was harmless in light of Walker's admission that he shot Hamilton five times.

> Errors in the admission of evidence are to be disregarded as harmless unless they affect the defendant's substantial rights. *Stewart v. State*, 754 N.E.2d 492, 496 (Ind. 2001); Ind. Trial Rule 61; Ind. Evidence Rule 103(a). An error will be deemed harmless if its probable impact on the jury, in light of all of the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties. *Id*.

*Rogers v. State*, 897 N.E.2d 955, 961 (Ind. Ct. App. 2008).

[15] Here, in addition to Walker's confession that he shot Hamilton five times in the torso, the State presented the testimony of Ragland and Austin Meltzer who each testified that Walker had a gun in his hand in the moments before Hamilton was shot. Ragland testified that she had seen Walker point the handgun at Hamilton twice a few moments before Walker shot Hamilton. Meltzer testified that he saw Walker pointing the gun into Riley's apartment just before he heard five gun shots. Ragland also testified that she heard five gun shots. We conclude that in light of the unchallenged evidence, coupled with Walker's confession, the probable impact of the challenged evidence on the jury is sufficiently minor so as not to affect Walker's substantial rights. As

such, any potential error in the admission of the challenged evidence was harmless.

[16] The judgment of the trial court is affirmed.

Vaidik, C.J., and Kirsch, J., concur.